United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. H-15-1985 |
| v. § | CRIMINAL NUMBER H-13-575-02 |
| § | |
| RODERICK DEWAYNE ANDERSON, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Roderick Dewayne Anderson, has filed Amended Claims Presented By Petitioner (Docket Entry No. 227), seeking relief under 28 U.S.C. § 2255. The United States has filed Government's Response to Petitioner's Amended 28 U.S.C. § 2255 Motion and Motion for Summary Judgment (Docket Entry No. 230). For the reasons explained below, the government's motion will be granted.

Anderson alleges that his trial attorney provided ineffective assistance in failing to object to the criminal history category in the defendant's Presentence Investigation Report ("PSR") and in failing to file a notice of appeal after defendant told his attorney "if there are any issues that need to be raised or appealed upon, then please do." (Sworn Affidavit, Docket Entry No. 228)

Anderson pled guilty to aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a),(d), and 2 and aiding and

abetting brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, pursuant to a written Plea Agreement (Docket Entry No. 99). Paragraph 6 of the Plea Agreement states:

> Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

At Anderson's rearraignment the following colloquy occurred between the court and Anderson:

> THE COURT: Now, both of you gentlemen will please listen carefully. Before I can accept your guilty pleas, I must make a number of findings. My findings are based on your answers to my questions.
>
> In order for my findings to be correct, it is therefore necessary that all of your answers to my questions be truthful and complete.
>
> . . .
>
> THE COURT: And, Mr. Anderson, do you understand that?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Also, since each of you is now under oath, if you gave an untrue answer to any question, you could be charged with the separate crime of perjury. It

is, therefore, necessary that all of your answers to my questions be truthful and complete for both of those reasons.

Will each of you agree with me this morning that, if you do not understand anything that I say, you will stop and ask me to repeat or explain whatever you do not understand?

. . .

THE COURT: And, Mr. Anderson, will you agree to do that?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Also, each of you may stop at any time to speak with your attorney. You do not need anyone's permission to speak with your attorney.

. . .

THE COURT: Have you spoken with your attorney about this case?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: How many times have you spoken with your attorney about the case?

DEFENDANT ANDERSON: About three or four.

THE COURT: Has your attorney discussed with you the charges against you and what the government would have to prove to establish your guilt?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Has your attorney reviewed with you the evidence that the government has against you?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Has your attorney discussed with you how the federal advisory sentencing guidelines might apply in your case?

DEFENDANT ANDERSON: Yes, sir.

THE COURT:  Has your attorney answered all of your questions?

DEFENDANT ANDERSON:  Yes, sir.

THE COURT:  Has your attorney done everything that you have asked him to do?

DEFENDANT ANDERSON:  Yes, sir.

THE COURT:  Are you fully satisfied with the advice and counsel that your attorney has provided you?

DEFENDANT ANDERSON:  Yes, sir.

. . .

THE COURT:  Mr. Anderson, the government has provided me with a copy of a written plea agreement. Have you read the agreement before today?

DEFENDANT ANDERSON:  Yes, sir.

THE COURT:  Have you discussed the agreement with your attorney?

DEFENDANT ANDERSON:  Yes, sir.

THE COURT:  When did you discuss it with your attorney?

DEFENDANT ANDERSON:  About two weeks ago.

THE COURT:  How much time altogether have you spent discussing it with your attorney?

DEFENDANT ANDERSON:  I think about two or three times.

THE COURT:  Well, have you -- did he answer any questions you had about it?

DEFENDANT ANDERSON:  Yes, sir.  I'm guilty.

THE COURT:  No.

DEFENDANT ANDERSON:  Oh, wait.

THE COURT:  There's a lot more to it than that.

DEFENDANT ANDERSON: Oh, well.

THE COURT: Did he read it to you?

DEFENDANT ANDERSON: Yes, sir. Yes, sir.

THE COURT: Did you ask any questions about it?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Did he answer your questions?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: I want to go over the main parts of it again just to be sure you understand them. Do you have a copy there in front of you?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: Are you able to read?

DEFENDANT ANDERSON: Yes, sir.

. . .

THE COURT: . . . Paragraph 6 of your agreements are the same. So, I'm going to read them and then ask each of you if you understand them. In paragraph 6 of your agreements, each of your agreements states, "Defendant is aware that Title 28 United States Code Section 1921, and Title 18 United States Code Section 3742, afford the defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined."

. . .

THE COURT: Mr. Anderson, have you discussed that provision of your plea agreement with your attorney?

DEFENDANT ANDERSON: Yes, sir.

THE COURT: And as part of your plea agreement, do you wish to waive the right to appeal the conviction and the sentence imposed and the manner in which the sentence was determined?

>  DEFENDANT ANDERSON: Yes, sir.
>
>  THE COURT: Paragraph 6 of your agreement then says, "Additionally, defendant is aware that Title 28 United States Code Section 2255 affords the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest this conviction or sentence by means of any post-conviction proceeding."
>
>  . . .
>
>  THE COURT: Mr. Anderson, have you also reviewed that provision of your plea agreement with your attorney?
>
>  DEFENDANT ANDERSON: Yes, sir.
>
>  THE COURT: And as part of your plea agreement, do you also wish to waive the right to contest your conviction or sentence by means of any post-conviction proceeding?
>
>  DEFENDANT ANDERSON: Yes, sir.

At the conclusion of the hearing the court made the following findings:

>  THE COURT: . . . It is the finding of the Court that the defendant is fully competent and capable of entering the following plea. The defendant's plea of guilty is a knowing and voluntary plea supported by an independent basis in fact established in each of the essential elements of the defense.
>
>  I expressly find that Mr. Anderson's waiver of his right to appeal the sentence imposed and the manner in which it was determined and his waiver of his right to collaterally attack his conviction or sentence are knowingly and voluntarily waived.
>
>  I now accept his plea and now adjudge him guilty of Counts 1 and 2.

The court concludes that Anderson knowingly and voluntarily waived his right to collaterally attack his conviction or his

sentence and that the claims in his § 2255 motion are subject to the waiver.

Moreover, even if Anderson had not waived his right to seek relief under § 2255 neither of his claims has any merit. Anderson's attorney was not ineffective in failing to object to Anderson's criminal history category because the United States Probation Officer correctly concluded that Anderson's 2000 and 2001 drug convictions should both be counted because, although the sentences for the two crimes were imposed on July 23, 2001, Anderson was arrested for the first crime before he committed the second crime. See PSR, Docket Entry No. 134, ¶¶ 55, 56. Both crimes were therefore properly counted pursuant to United States Sentencing Guidelines § 4A1.2(a)(2). Since there was no viable basis for objecting to Anderson's criminal history category, his attorney's failure to file an appeal challenging Anderson's criminal history was neither deficient nor prejudicial.

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 230) is **GRANTED**, and Anderson's Amended Claims Presented By Petitioner seeking relief under 28 U.S.C. § 2255 (Docket Entry No. 227) is **DENIED**.

**SIGNED** at Houston, Texas, this 11th day of February, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE